# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| 8025 VILLA ROSARITO STREET TRUST,<br>Appellant,<br>vs.<br>QUALITY LOAN SERVICE CORPORATION,<br>Respondent. | No. 63909<br><br>**FILED**<br><br>NOV 1 4 2014<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY S. Young<br>DEPUTY CLERK |

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order granting a motion to dismiss in a quiet title action. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

The district court granted Quality Loan Service Corporation's motion to dismiss, finding that 8025 Villa Rosarito Street Trust had failed to state a viable claim for relief because NRS 116.3116(2)'s superpriority provision does not extinguish a first security interest. This court's recent disposition in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), decides that a common-interest community association's NRS 116.3116(2) superpriority lien has true priority over a first security interest, and the association may nonjudicially foreclose on that lien. The district court's decision thus was based on an erroneous

14-37555

interpretation of the controlling law and did not reach the other issues colorably asserted.[1] Accordingly, we

REVERSE the order granting the motion to dismiss AND REMAND this matter to the district court for further proceedings consistent with this order.[2]

_____, J.
Hardesty

_____, J.
Douglas

CHERRY, J., concurring:

For the reasons stated in the *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), dissent, I disagree that nonparty U.S. Bank lost its lien priority by virtue of the homeowners association's nonjudicial foreclosure sale. I recognize, however, that *SFR Investments* is now the controlling law and, thusly, concur in the disposition of this appeal.

_____, J.
Cherry

---

[1]It is unclear whether respondent has an interest in the subject property and whether appellant's claims against respondent even involve the application of NRS 116.3116. Because the parties have not addressed this issue, however, we have not considered it in rendering this disposition.

[2]The temporary injunction imposed by our September 12, 2013, order is vacated.

cc: Hon. Mark R. Denton, District Judge
Law Offices of Michael F. Bohn, Ltd.
McCarthy & Holthus, LLP/Las Vegas
Eighth District Court Clerk